NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

_____

|  |  |  |
|---|---|---|
| ESTATE OF PHILLIP CARL MARTIN, JR. BY LINDA MARTIN, ADMINISTRATRIX OF THE ESTATE; LINDA MARTIN, IN HER OWN RIGHT; DWAYNE MARTIN; PHILLIP COREY CLAX; AND BRYHEM ISAAC CLAX, | ) ) ) ) ) ) | Hon. Garrett E. Brown, Jr. Civil Action No. 10-0066 |
| Plaintiffs, v. | ) ) ) ) | **MEMORANDUM OPINION** |
| UNKNOWN U.S. MARSHALS SERVICE AGENTS; CAMDEN COUNTY BOARD OF CHOSEN FREEHOLDERS, UNKNOWN JOHN DOE EMPLOYEES 1-100 (IN OFFICIAL AND INDIVIDUAL CAPACITIES); WARREN W. FAULK, CAMDEN COUNTY PROSECUTOR; CITY OF CAMDEN POLICE DEPARTMENT, UNKNOWN JOHN DOE OFFICERS 1-100 (IN OFFICIAL AND INDIVIDUAL CAPACITIES) AND GERALD FEIGIN, M.D., GLOUCESTER - CAMDEN - SALEM MEDICAL EXAMINER'S OFFICE (IN OFFICIAL AND INDIVIDUAL CAPACITIES), | ) ) ) ) ) ) ) ) ) ) ) ) ) ) |  |
| Defendants, | ) ) ) |  |

_____)

**BROWN**, Chief Judge:

This matter comes before the Court upon the motion (Doc. No. 27) to dismiss filed by

Defendant Warren W. Faulk, Camden County Prosecutor.  Prosecutor Faulk seeks dismissal of

Plaintiffs' Complaint as against him for failure to state a claim upon which relief may be granted**.**

*See* Fed. R. Civ. P. 12(b)(6).  For the following reasons, the Court will grant Defendant's motion.

1

I.      **BACKGROUND**

For the purpose of this motion, the Court accepts as true the factual allegations in the Amended Complaint and draws all reasonable inferences in favor of Plaintiff.  *See*, *e.g.*, *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  Phillip Carl Martin, Jr. ("Phillip"), is alleged to have been the victim of a "sudden death incident" on January 8, 2008.  (Am. Compl. ¶ 6.)  Plaintiffs, the Estate of Phillip and members of Phillip's family, filed this action alleging that various Defendants, by virtue of their conduct that caused Phillip's death, deprived Plaintiffs of their Fourth and Fourteenth Amendment rights.  (*Id*. ¶ 4.)

According to the Amended Complaint, Phillip was living with his mother Linda Martin and brother Dwayne Martin at 103 S. 35th Street, Camden, New Jersey, on the date of the incident.  (*Id*. ¶¶ 6-8.)  At about 6:30 a.m. on January 8, 2008, Linda Martin responded to someone knocking or ringing the bell to the front door of the family home.  (*Id*. ¶ 28.)  After Linda Martin answered the door, four unknown United States Marshals Service Agents, City of Camden Police Officers, and/or other law enforcement officers "burst into" the residence with guns drawn.  (*Id*. ¶ 28.)  Plaintiffs contend that three agents climbed the stairs to Phillip's room where he was sleeping, and once the agents were out of sight, Linda and Dwayne Martin heard a gunshot.  (*Id*. ¶¶ 29, 32-34.)

Following these events, Plaintiffs Linda and Dwayne Martin assert that they were unlawfully detained at a Camden police station.  (*Id*. ¶¶ 35-37.)  Furthermore, Plaintiffs allege that they were detained for several hours without any information regarding Phillip until Linda Martin was informed that Phillip had committed suicide by shooting himself in the head.  (*Id*. ¶¶ 39-40.)  Plaintiffs deny that Phillip committed suicide, contending that Phillip died as a result of a gunshot wound inflicted by one or more of the officers.  (*Id*. ¶¶ 25, 44.)

Plaintiffs also allege that Defendant Warren W. Faulk, the Camden County Prosecutor, irresponsibly failed to supervise the investigation concerning Phillip Martin's death, and that such intentional action or inaction is evidence of deliberate and reckless indifference for the rights of Plaintiffs.  (*Id.* ¶ 98.)  In Count V of Plaintiffs' Amended Complaint, Plaintiffs allege that Prosecutor Faulk is liable for failing to properly train employees in crime scene investigation, and such failure is evidence of a deliberate indifference to the constitutional rights of citizens for which it is responsible.  (*Id.* ¶ 121.)  Plaintiffs also contend that Prosecutor Faulk knew that five Camden County Police Department officers were reportedly under investigation for violations of the civil rights of suspects at the time of the investigation of Phillip's death.  (*Id.* ¶¶ 96, 98.)

Plaintiffs' Amended Complaint presents federal and state constitutional claims under 42 U.S.C. § 1983 and the New Jersey Civil Rights Act, N.J. Stat. Ann. § 10:6-1 et seq.  Prosecutor Faulk now seeks dismissal of the sole claim against him, Plaintiffs' § 1983 claim for failure to train employees in crime scene investigation techniques,[1] arguing that Plaintiffs have failed to allege facts that, if proven, would establish a constitutional violation.

## II.   ANALYSIS

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) may be granted only

---

[1] Prosecutor Faulk is sued in his official capacity only.  (*See* Am. Compl. ¶ 14.)  The Camden County Prosecutor's Office, while not specifically named as a defendant in this matter, also seeks dismissal to the extent that it is considered to be a defendant.  Plaintiffs' Amended Complaint does however, allege that the Prosecutor's Office, as a "body politic," is liable where a plaintiff proves a failure to train.  (*See* Am. Compl. ¶ 122.)  For purposes of this motion, Prosecutor Faulk and the Camden County Prosecutor's Office will be treated as a single entity with respect to dismissal.  *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) ("But a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office"); *see also Monell v. Department of Social Servs.*, 436 U.S. 658, 690 n.55 (1978) ("[o]fficial-capacity suits generally represent only another way of pleading an action against an entity for which an officer is an agent.").

if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court finds that plaintiff has failed to set forth fair notice of what the claim is and the grounds upon which it rests. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).  A complaint will survive a motion to dismiss if it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570). The plausibility standard requires that "the plaintiff plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged" and demands "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 556).  Although a court must accept as true all factual allegations in a complaint, that tenet is "inapplicable to legal conclusions," and "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555); *see also Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008).  In evaluating a motion to dismiss, a court may consider only the complaint, exhibits attached to the complaint, matters of public record, and undisputedly authentic documents if the complainant's claims are based upon those documents. *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

Here, Plaintiffs allege that Prosecutor Faulk is liable to Plaintiffs for failing to properly train employees in the area of crime scene investigations, and that such failure is evidence of a deliberate indifference to Plaintiffs' constitutional rights.  Prosecutor Faulk challenges the sufficiency of Plaintiffs' Amended Complaint, arguing that Plaintiffs' alleged injury is not causally related to his alleged misconduct.  For the following reasons, the Court agrees with

Prosecutor Faulk that the Plaintiffs have failed to allege facts upon which relief may be granted.

With § 1983, Congress provided a federal forum for individuals to file actions for deprivations of their civil rights. This Section states:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. In order to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. *Baker v. McCollan*, 443 U.S. 137, 140 (1979); *West v. Atkins*, 487 U.S. 42, 48 (1988); *Piecknick v. Pennsylvania*, 36 F.3d 1250, 1255-56 (3d Cir. 1994). For purposes of a § 1983 claim, a county prosecutor's office is not considered a separate and distinct entity from the municipality. *See, e.g., Reitz v. County of Bucks*, 125 F.3d 139, 148 (3d Cir. 1997); *see also Briggs v. Moore*, 251 F. App'x 77, 79 (3d Cir. 2007). Section 1983 generally exempts municipalities from vicarious liablity for the constitutional torts of its employees, but a municipality may be held liable under § 1983 where the constitutional tort is caused by a municipal "policy, ordinance, regulation or officially adopted decision that has been promulgated by the municipality's officers," or from a governmental custom. *Brennan v. Norton*, 350 F.3d 399, 427 (3d Cir. 2003) (citing *Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 690–91 (1978)). To determine whether the municipality caused the constitutional violation at issue, "the first inquiry in any case alleging municipal liability under § 1983 is whether there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation." *City of Canton, Ohio v. Harris et*

*al.*, 489 U.S. 378, 385 (1989).

Inadequate training may serve as the basis for § 1983 liability only where the failure to train results in "deliberate indifference" to the rights of persons with whom the officers come into contact. *Id.* at 388; *see also Monell*, 436 U.S., at 694; *Polk County v. Dodson*, 454 U.S. 312, 326 (1981). However, "*City of Canton* teaches that municipal liability for failure to train cannot be predicated solely on a showing that the City's employees could have been better trained." *Colburn v. Upper Darby Twp.*, 946 F.2d 1017, 1029-30 (3d Cir. 1991). Rather, in order to establish a claim for failure to train, "[a] plaintiff must (1) identify specific training not provided that could reasonably be expected to prevent the [constitutional violation], and (2) must demonstrate that the risk reduction associated with the proposed training is so great and so obvious that the failure of those responsible for the content of the training program to provide it can be reasonably attributed to a deliberate indifference to [the constitutional violations alleged]." *Id.* at 1030. In other words, "[t]he focus in this determination is on the adequacy of the training program in relation to the tasks the particular officers must perform and the connection between the identified deficiency in the municipality's training program and the ultimate injury." *Reitz v. County of Bucks*, 125 F.3d at 145. It is not sufficient that a particular officer may be unsatisfactorily trained or that a particular injury could have been avoided if an officer had better or more training; the plaintiff must be able to demonstrate that the failure to train actually caused the alleged injury. *Reitz*, 125 F.3d at 145; *see also Bd. of the County Comm'rs v. Brown*, 520 U.S. 397, 404 (1997) (explaining that a plaintiff presenting a failure to train claim "must also demonstrate that, through its *deliberate* conduct, the municipality was the 'moving force' behind the injury alleged").

Here Plaintiffs have failed to allege that Prosecutor Faulk engaged in a policy or custom

that would establish a direct causal link between the alleged failure to train and the constitutional violation.  The Amended Complaint alleges that at the time of Phillip's death, five officers in the Camden County Police Department were under investigation for violations of the civil rights of suspects.  (Am. Compl. ¶ 96.)  Plaintiffs further allege that, despite knowing about the "shady actions" of officers within the Camden County Police Department and the lack of concrete proof that Phillip committed suicide, Prosecutor Faulk irresponsibly failed to supervise the investigation surrounding Phillip's death.  (*Id*. ¶ 98.)  However, the Amended Complaint does not identify the officers under investigation or link that collateral issue to Prosecutor Faulk's investigation of Phillip's death.  Furthermore, accepting the allegations of the Amended Complaint, the constitutional deprivation would be the law enforcement search that allegedly resulted in Phillip's death on January 8, 2008.  Plaintiffs do not assert that Prosecutor Faulk or anyone in his office participated in the law enforcement search they contend caused Phillip's death; rather, they appear to claim that Prosecutor Faulk and his office had a duty to conduct a more thorough review of the incident after-the-fact, and that a better investigation of the incident would have revealed that Phillip did not commit suicide.[2]  Plaintiffs have presented no authority for the proposition that a prosecutor's deficient investigation of a crime scene can cause a

---

[2]Indeed, it is unclear from the Amended Complaint what exactly Plaintiffs contend Prosecutor Faulk or his office did or did not do.  Plaintiffs argue in their response brief that "[i]nvestigators under the direction, control, and/or supervision of defendant Faulk conducted a sub-par crime scene investigation into the manner of Phillip's sudden death which ultimately led to an incorrect finding by the medical examiner that the manner of death was suicide.  The unidentified investigators and other law enforcement officers tried to cover up their sordid misdeed."  (Pls.' Resp. Br. at 9.)  This argument in itself is contradictory, because it suggests that investigators under Prosecutor Faulk's supervision *both* negligently conducted the investigation and intentionally covered up a homicide.  However, to the extent that this argument fairly represents the allegations in the Amended Complaint, such negligence or intentional misconduct could not have caused the constitutional injury, because it occurred after Phillip's death.

separate and distinct constitutional injury from the underlying criminal conduct.  Because the events alleged in the Amended Complaint indicate that the constitutional injury occurred prior to any actions or inactions on the part of Prosecutor Faulk, the alleged misconduct of Prosecutor Faulk could not have caused the constitutional injury alleged.  Thus, Plaintiffs have failed to allege facts that could plausibly "demonstrate a direct causal link between the municipal action and the deprivation of federal rights."  *Brown*, 520 U.S. at 404.

Furthermore, to the extent Plaintiffs allege that Prosecutor Faulk failed to properly train municipal employees in crime scene investigation, Plaintiffs have not identified specific training Prosecutor Faulk should have conducted that would have prevented Phillip's death.  Under these circumstances where the alleged misconduct could not have caused the constitutional injury, further amendment would be futile.  None of the remaining claims in the Amended Complaint seek to hold Prosecutor Faulk liable for the incident that occurred on January 8, 2008.  Consequently, the Court will dismiss Plaintiffs' Amended Complaint as against Prosecutor Faulk with prejudice.

## III.    CONCLUSION

For the aforementioned reasons, the Court will grant Defendant's 12(b)(6) motion and dismiss Plaintiffs' Amended Complaint as it pertains to Prosecutor Faulk.  An appropriate form of order accompanies this Memorandum Opinion.


Dated: March 7, 2011

            _____/s/ Garrett E. Brown, Jr._____
            GARRETT E. BROWN, JR., U.S.D.J.