RECEIVED
NOV 13 2013
AT 8:30_____M
WILLIAM T. WALSH CLERK

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| LINDA M. MARTIN et al.,<br><br>*Plaintiffs,*<br><br>v.<br><br>UNKNOWN U.S. MARSHALLS, et al.,<br><br>*Defendants.* | Civil Action No. 10-0066 (PGS)(DEA)<br><br>**MEMORANDUM** |

**SHERIDAN, U.S.D.J.**

This matter comes before the Court on Defendants Camden County Board of Chosen Freeholders, Dr. Gerald Feigin, M.D. and Patrick Daley's (collectively, "Defendants") Motion for Sanctions against Plaintiffs Linda Martin, Dwayne Martin, Phillip Corey Clax and Bryhem Clax ("Plaintiffs") and their attorneys pursuant to FED. R. CIV. P. 11 (ECF No. 158). The Defendants base their motion on grounds that the Plaintiffs' Second Amended Complaint ("SAC") (ECF No. 40) and Opposition to Defendants' Motion for Summary Judgment ("Pls.' Opp.") (ECF No. 137) contain claims that are not warranted by existing law or non-frivolous arguments for the modification or extension of existing law, that the allegations against the moving Defendants have no evidentiary support, and that the denial of the moving Defendants' factual contentions by the Plaintiffs is not warranted by the evidence or reasonably based on a lack of information or belief. The moving Defendants further contend that the Plaintiffs pursue these claims for an improper purpose. Plaintiffs

argue in opposition that the moving Defendants have failed to meet their burden under Rule 11 of showing that Plaintiffs' claims lacked merit or were brought in bad faith. Plaintiffs further argue that while the parties may disagree as to the facts in this case, Plaintiffs did, in fact, assert viable claims against the moving Defendants. The Court decides the motion without oral argument pursuant to FED. R. CIV. P. 78(b). For the reasons set forth herein, Defendants' Motion is denied.

## I. BACKGROUND

For purposes of this motion, the Court assumes the parties' familiarity with the underlying facts of this case and briefly summarizes only those facts relevant to the Court's analysis. As discussed in the Court's August 15, 2013 opinion granting in part and denying in part Defendants' Motion for Summary Judgment (ECF No. 161), this suit arises out of events that occurred primarily on the morning of January 8, 2008, when deputized members of the United States Marshals Service visited the home of Linda Martin in Camden, New Jersey in search of her son, Phillip Martin, who died within minutes of the Marshals' arrival from a gunshot wound to his head. The relevant authorities, including the moving Defendants, maintain that Phillip died from a self-inflicted gunshot wound, while Plaintiffs claim that one of the United States Marshals shot Phillip and that the rest of the Defendants participated in a conspiracy to cover up the shooting, thereby violating several rights secured by the United States and New Jersey Constitutions, and subjecting Plaintiffs to common law torts.

The Plaintiffs in this case are Linda Martin, Phillip's mother who brings claims on her own behalf as well as in her role as administratix of Phillip Martin's estate; Dwayne Martin, Phillip Martin's younger brother; Phillip Corey Clax, Phillip Martin's eldest surviving son; and Bryhem Clax, Phillip Martin's youngest surviving son. On March 10, 2011, Plaintiffs filed a Second Amended Complaint ("SAC") (ECF No. 40) asserting various constitutional and state law causes of

action against several different groups of defendants involved in the lead-up and immediate aftermath of Phillip Martin's death. The Camden County Board of Chosen Freeholders[1], Camden County Medical Examiner Dr. Gerald Feigin, M.D., and Camden County Medical Examiner investigator Patrick Daley are among the defendants identified by the Plaintiffs. The claims directed against these specific defendants are contained in Counts II, IV and VII of the SAC. In Count II, subtitled "14th Amendment Equal Protection Violation," Plaintiffs allege that Dr. Feigin "discriminated against [the decedent] on the basis of his race" and thus "violat[ed] his 14th Amendment equal protection rights[]" by conducting a "deficient autopsy report and manner of death conclusion." (SAC at ¶¶ 126-127). In Count IV, subtitled "Violations of the New Jersey Civil Rights Act," Plaintiffs allege that Dr. Feigin is liable under the New Jersey Civil Rights Act, N.J.S.A. 10:6-1 *et seq.* "because of his sub-standard work and discriminatory intent as evidenced" by the allegedly deficient autopsy report and manner of death conclusion. (SAC at ¶¶ 131-134). Lastly, in Count VII, subtitled "Common Law Wrongful Death and Survival Action," Plaintiffs allege that the moving Defendants are liable to Phillip Martin's estate and beneficiaries because they breached their "duty to the [d]ecedent to use reasonable efforts in the conduct of their official duties to avoid any unnecessary harm to the [d]ecedent." (SAC ¶¶ 145-146).

On June 27, 2012, after several months of exchanging discovery and taking depositions, Howard L. Goldberg, counsel for the moving Defendants, sent a letter to Plaintiffs' attorneys Willan Franklyn Joseph, Esq. and Olugbenga O. Abiona, Esq., demanding that Plaintiffs withdraw their

---

[1] The Camden County Board of Chosen Freeholders is named as a defendant, in part, due to Plaintiff's erroneous belief that the Board "is the employer of non-federal personnel, Defendants John Ellis, John Greer, Gary McBride and certain unknown John Doe defendants who . . . deprived plaintiffs of protected civil rights." (SAC at ¶ 27). Plaintiffs subsequently withdrew their claims against John Greer when it became clear that he "did not participate in the investigation of Phillip Martin's death . . . ." (Pls.' Resp. to Defs. John Ellis, John Greer and Gary McBride's L.R. 56.1 Statement of Facts at ¶ 10) (ECF No. 135-1). In the Defendants' Local Rule 56.1 Statement of Material Facts filed with their summary judgment brief, it was noted that Ellis and McBride are actually employees of the Camden County Prosecutor's Office, which is a separate entity from the Camden County Board of Chosen Freeholders.

3

complaint against the Defendants based upon the Defendants' belief that Plaintiffs' claims "were both frivolous and being made in bad faith or for an improper purpose." (Defs.' Br. in Supp. of Mot. for Sanctions ("Defs.' Sanctions Br.") at 3). Plaintiffs took no action in response to this letter.

On November 30, 2012, the moving Defendants filed a Motion for Summary Judgment in this matter (ECF No. 116). On February 6, 2013, Plaintiffs filed an opposition to the moving Defendants' Motion for Summary Judgment (ECF No. 137). This Court heard oral argument on all pending Motions for Summary Judgment in this case, including that of the moving Defendants, on February 26, 2013. The moving Defendants filed this instant motion on July 16, 2013 while the Court's decision on all Motions for Summary Judgment was pending. Pursuant to FED. R. CIV. P. 11, a copy of the motion was served on the Plaintiffs on June 21, 2013, twenty-five (25) days prior to being filed with this Court. (*See* Decl. of Howard L. Goldberg at 2).

**A. Defendants' Arguments in Favor of the Imposition of Sanctions**

Defendants' argue that Plaintiffs violated FED. R. CIV. P. 11(b) by submitting the SAC and subsequently failing to withdraw the pleading after being given notice that it "was improper and/or frivolous." (Defs.' Sanctions Br. at 6). According to the Defendants, the Plaintiffs violated Rule 11 by advancing claims that are not warranted by a reasonable or rational application of either existing law or evidentiary fact. For example, Defendants contend that the constitutional claim advanced in Count II of the SAC "is not warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law" because "[i]t is well settled and a product of common sense, that constitutional rights apply only to living human beings and that since Dr. Feigin had no contact with the decedent before his death, he cannot possibly be liable for a violation of the decedent's constitutional rights." (*Id.* at 7). Defendants further contend that "there was no evidence at the time of the filing of the SAC, nor has any evidence been adduced through discovery, that Dr. Gerald

4

Feigin violated the decedent's equal protection rights by providing a sub-par autopsy because of the decedent's race." (*Id.*). Furthermore, Defendants argue that Plaintiffs' claims against Dr. Feigin and Mr. Daley sound in negligence, which is a state law tort action, and, therefore, Plaintiffs are liable for sanctions under Rule 11(b) for wrongly "encasing the negligence claim in the form of a Civil Rights claim[.]" (*Id.*). Defendants contend that the New Jersey Civil Rights Act claim advanced by the Plaintiffs in Count IV of the SAC is similarly frivolous and lacks evidentiary support.

In regards to the common law wrongful death and survival action claims against Defendants Feigin and Daley in Count VII of the SAC, the Defendants contend that "there is no way any claim under this Count ever had any reasonable or rational basis in the law or fact." (*Id.* at 8). According to the Defendants, "[w]rongful death and survival actions are based upon the defendant having had some part in the actual DEATH of the decedent. In this case, it is undisputed that neither Dr. Feigin nor Patrick Daley had any contact with Phillip Martin before his death." (*Id.*) (emphasis in original). The Defendants contend that Plaintiffs' continuation of these claims constitutes a violation of Rule 11 because any reasonable inquiry into the law and the facts should have made Plaintiffs' counsel "aware that [the claims] lacked support as to the moving defendants." (*Id.*). Defendants further contend that the claims in Count VII have no basis in law, and, therefore, provide grounds for the imposition of sanctions, because Plaintiffs failed to satisfy the notice of claim requirement of the New Jersey Tort Claims Act. N.J.S.A. 59:8-4. (*Id.*). While the Plaintiffs claim to have satisfied the notice requirement by sending a letter to numerous city, county, state and federal officials on March 23, 2008, the Defendants state that "none of the moving defendants ever received that letter, plaintiffs knew the moving defendants never received notice of any tort claims and therefore, there is no basis and never was a basis in law for these claims[.]" (*Id.* at 9). In fact, the moving Defendants

contend that the Plaintiffs' statement indicating satisfaction of the notice requirement is a "blatant lie." (*Id.* at 8).

The moving Defendants also argue that the Plaintiffs and their attorneys should be subject to sanctions under Rule 11 for maintaining this action against the Camden County Board of Chosen Freeholders. In their SAC, the Plaintiffs and their counsel claim to have been informed that Defendants John Ellis, John Greer, Gary McBride and certain John Doe defendants are employees of the Camden County Board of Chosen Freeholders. (SAC at ¶ 27). According to the moving Defendants, however, "it was clear from the earliest stages of this litigation that these individuals are/were not employees of the Camden County Board of Chosen Freeholders but instead are employees of the [Camden County] Prosecutor's [O]ffice." (Defs.' Sanctions Br. at 9). Defendants argue that the only reason Plaintiffs maintained suit against the Board was to "harass and/or needlessly increase the cost of litigation" in violation of Rule 11(b)(1). (*Id.*).

Lastly, the Defendants contend that the Plaintiffs and their attorneys violated Rule 11 by submitting and later failing to withdraw their Memorandum of Law in Opposition to the Defendants' Motion for Summary Judgment (ECF No. 137) despite its inclusion of claims that Defendants argue are improper and/or frivolous. According to the Defendants, Plaintiffs and their counsel argue totally different claims against Dr. Feigin in their Opposition than those contained in the SAC. It is the position of the Defendants that "this, among many other things, is evidence of the fact that there is no factual or legal basis for such claims and that, the [O]pposition has been filed in bad faith, for the sole purpose of harassing the County Defendants or to needlessly increase the County Defendants' litigation expenses." (Defs.' Sanctions Br. at 10). Defendants state their belief that Plaintiffs' negligence claims have "no legal basis whatsoever[,]" and contend that "Plaintiffs make no claim of conspiracy against the moving defendants in the SAC." (*Id.* at 10-11). By arguing such a claim in

their Opposition to Summary Judgment, Defendants contend that Plaintiffs further violated Rule 11(b).

**B. Plaintiffs' Arguments Against the Imposition of Sanctions**

Plaintiffs argue in opposition to Defendants' Motion for Sanctions that the Defendants have failed to meet their burden under Rule 11 of showing that Plaintiffs' claims lacked merit or were brought in bad faith. Specifically, Plaintiffs contend that they asserted viable claims against the moving Defendants in their SAC. For example, Plaintiffs argue that one of the claims they asserted in their SAC is that all the Defendants engaged in a cover-up or conspiracy in violation of the Plaintiffs' constitutional rights. According to the Plaintiffs, the conspiracy claim against the moving Defendants was clearly and expressly asserted not only in the SAC but also in the Rule 16 Joint Discovery Plan. Plaintiffs, therefore, contend that it is disingenuous for Defendants to assert that Plaintiffs' conspiracy claims were never asserted until Plaintiffs responded to Defendants' Motion for Summary Judgment.

In response to Defendants' argument that their claims against Dr. Feigin are frivolous and brought for an improper purpose, Plaintiffs contend that they do in fact have viable 14th Amendment, Section 1983, Section 1985, state constitutional and statutory law claims against Dr. Feigin in his official capacity as the Medical Examiner for Camden County. According to the Plaintiffs, these claims, stated broadly, are that Dr. Feigin "failed to adequately investigate the manner of Phillip's death; he failed to train his staff to properly investigate death scenes, including sudden deaths by firearm; he negligently supervised his staff; [and] that he participated in a cover up or a conspiracy to obstruct justice . . . to protect law enforcement's culpability from exposure . . . thereby . . . violat[ing] the Martin family's constitutional due process rights and their right of . . . timely access to the courts." (Pls.' Opp. to Defs.' Motion for Sanctions ("Pls.' Sanctions Opp.") at 18). Plaintiffs

7

contend that their claims against Dr. Feigin and Mr. Daley are nonfrivolous and proper because they sufficiently allege that both defendants "joined in [the] cover-up activity by failing to conduct an independent and through examination of the manner of death, [by] simply adopt[ing] and accept[ing] the false statements given to them by one of the other defendants in the Camden County Prosecutor's Office that the gunshot wound to Phillip Martin was self-inflicted[.]" (*Id.* at 4-5).

In response to Defendants' argument that the wrongful death and survival action claims in Count VII provide grounds for the imposition of sanctions due to an alleged failure to satisfy the notice of claim requirement of the New Jersey Tort Claims Act, Plaintiffs insist proper notice was in fact provided via the March 23, 2008 letter sent by Plaintiffs, then unrepresented by an attorney, to numerous city, county, state and federal officials. (*See id.* at 6). According to the Plaintiffs, in that letter, Plaintiffs properly "assert[ed] their claims that one of the law enforcement officers that entered their home on January 8, 2008 caused the death of their son," and sufficiently provided notice of "the cover-up activities that resulted thereafter." (*Id.*).

## II. DISCUSSION

### A. Legal Standard

FED. R. CIV. P. 11 requires an attorney who signs a complaint to "certify both that it is not interposed for improper purposes, such as delay or harassment, and that there is a reasonable basis in law and fact for the claim." *Napier v. Thirty or More Unidentified Federal Agents, etc.*, 855 F.2d 1080, 1090 (3d Cir. 1988). Rule 11 therefore "is intended to discourage pleadings that are frivolous, legally unreasonable, or without factual foundation, even though the paper was not filed in subjective bad faith." *Lieb v. Topstone Indus.*, 788 F.2d 151, 157 (3d Cir. 1986) (quoting *Zaldivar v. City of Los Angeles*, 780 F.2d 823, 831 (9th Cir. 1986)). Under FED. R. CIV. P. 11(c), "the court may

impose an appropriate sanction on any attorney, law firm, or party that violates [Rule 11(b)] or is responsible for the violation." Rule 11(b) states:

> By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information. FED. R. CIV. P. 11(b).

Rule 11 imposes a "'non-delegable duty upon the signing attorney to conduct his own independent analysis of the facts and law which form the basis of a pleading or motion[.]'" *Garr v. U.S. Healthcare*, 22 F.3d 1274, 1277 (3d Cir. 1994) (citing *Pavelic & LeFlore Marvel Entm't Grp.*, 493 U.S. 120, 125-27 (1989). The rule "provides that attorneys may be sanctioned if they, among other things, fail to make a reasonable inquiry into the legal legitimacy of the pleading." *Ario v. Underwriting Members of Syndicate 53 at Lloyds*, 618 F.3d 277, 297 (3d Cir. 2010) (quoting *Simmerman v. Corino*, 27 F.3d 58, 62 (3d Cir. 1994)) (citation omitted). When evaluating whether an attorney's conduct violates Rule 11, "a district court must determine whether the attorney's conduct was objectively reasonable under the circumstances." *Ario*, 618 F.3d at 297. The Third Circuit defines reasonableness as the "'objective knowledge or belief at the time of the filing of a challenged paper' that the claim was well-grounded in law and fact." *Ford Motor Co. v. Summit*

*Motor Products, Inc.*, 930 F.2d 277, 289 (3d Cir. 1991) (quoting *Jones v. Pittsburgh Nat. Corp.*, 899 F.2d 1350, 1359 (3d Cir. 1990)). The moving party is not required to make a showing of bad faith. *Martin v. Brown*, 63 F.3d 1252, 1264 (3d Cir. 1995).

The Third Circuit has cautioned that the court should impose sanctions only "in the exceptional circumstance where a claim or motion is patently unmeritorious or frivolous." *Doering v. Union County Bd. of Chosen Freeholders*, 857 F.2d 191, 194 (3d Cir. 1988) (quoting *Gaiardo v. Ethyl Corp.*, 835 F.2d 479, 483 (3d Cir. 1987)); *see also Morristown Daily Record, Inc. v. Graphic Comm's Union Local 8N*, 832 F.2d 31, 32 n.1 (3d Cir. 1987) ("Rule 11 is not to be used routinely when the parties disagree about the correct resolution of a matter in litigation. Rule 11 is instead reserved for only exceptional circumstances."). Furthermore, even in those "exceptional circumstances" the court may, but is not required to impose sanctions. *Bensalem Twp. v. Int'l Surplus Lines Ins. Co.*, 38 F.3d 1303, 1314 (3d Cir. 1994) (*citing Doering*, 857 F.2d at 194). When the court examines the sufficiency of the inquiry into the facts and law, it must "avoid drawing on the wisdom of hindsight and should test the signer's conduct by determining what was reasonable when the document was submitted." *Garr*, 22 F.3d at 1279 (citing *Bradgate Assocs. V. Fellows, Read & Assocs.*, 999 F.2d 745, 752 (3d Cir. 1993). Therefore, "if under an objective standard, the signer made a reasonable inquiry both as to the fact[s] and the law at the time a document was submitted, subsequent developments showing that the signer's position was incorrect will not subject the signer to Rule 11 sanctions for having submitted a document." *Garr*, 22 F.3d at 1279.

**B. Analysis**

On August 15, 2013, while the instant Motion for Sanctions was pending, this Court issued an Opinion and Order granting the Motion for Summary Judgment by Defendants Camden County Board of Chosen Freeholders, Dr. Gerald Feigin, M.D., and Patrick Daley (ECF No. 116) in its

entirety as to all claims. In that opinion, this Court recognized, as Defendants argue here, that the Plaintiffs asserted several new interpretations of their Count II and Count IV constitutional claims in their Opposition to Defendants' Motion for Summary Judgment that were, at best, not immediately evident from the language in the SAC. For example, the Court stated:

> Count Two as alleged against Dr. Feigin seems to be predicated on the allegation that he conducted a racially discriminatory autopsy. However, Plaintiffs did not offer any evidence of a racially discriminatory autopsy in their opposition to Defendants' motion for summary judgment, and instead seem now to be claiming that Dr. Feigin's alleged practice of not ordinarily appearing personally at the scenes of suicides unless requested to do so by a prosecutor is evidence that Dr. Feigin discriminated against victims of suicide in violation of the Equal Protection Clause. Plaintiffs also newly assert in their opposition briefs that the non-Federal Defendants are liable under § 1983 for conspiring to violate Plaintiffs' constitutional rights. In addition, Plaintiffs assert that the non-Federal Defendants are liable under § 1983 for depriving Plaintiffs' of their protected "liberty interests" in "an independent manner of death investigation", meaning access to the courts, and a continuing relationship with their family member. *Martin v. Unknown U.S. Marshals*, 2013 U.S. Dist. LEXIS 115198, *97 (D.N.J., Aug. 15, 2013).

Despite the Plaintiffs' newly proposed interpretations of their constitutional claims, this Court still considered the merits of those arguments and found that the moving Defendants were entitled to judgment as a matter of law on both Counts II and IV. *See id.* at 98-112. The Court similarly considered the merits of the New Jersey Civil Rights Act claim asserted against Dr. Feigin in Count IV and found entry of summary judgment on that claim to be appropriate. In regards to Plaintiffs' Count VII wrongful death and survival action claims, the Court found that Plaintiffs failed to meet the New Jersey Tort Claims Act's notice of claim requirement. As such, the Court found that it lacked jurisdiction to allow Plaintiffs to proceed on these claims and entered summary judgment in favor of the moving Defendants.

As previously indicated, Defendants filed the instant Motion for Sanctions prior to this Court's decision on the moving Defendants' Motion for Summary Judgment. While the Court

11

found, after considering the merits, that Plaintiffs' claims against the moving Defendants failed as a matter of law, such a finding does not automatically entitle the Defendants to the awarding of attorney's fees as a sanction for advancing a losing or misplaced argument. *See Gaiardo*, 835 F.2d at 483 (stating that a "mere failure to prevail does not trigger a sanction award[.]"). As stated by the Third Circuit, Rule 11's "primary purpose is not wholesale fee shifting but rather correction of litigation abuse. . . . It must not be used as an automatic penalty against an attorney or party advocating the losing side of a dispute[.]" *Ario*, 618 F.3d at 297 (internal citations and quotations omitted). Furthermore, the Third Circuit has clarified that "Rule 11 is not to be used routinely when the parties disagree about the correct resolution of a matter in litigation." *Gaiardo*, 835 F.2d at 483 (internal citations omitted).

Here, the Defendants' Motion for Sanctions is ultimately based upon their belief that the claims presented by the Plaintiffs against the moving Defendants in their SAC and their Opposition to Defendants' Motion for Summary Judgment are frivolous and without merit. While the Court disagreed with the arguments set forth by the Plaintiffs and, therefore, granted summary judgment in favor of the moving Defendants on all claims, the Court does not find that these arguments were entirely unreasonable under the circumstances. Merely ruling against a party does not obligate the Court to deem that party's claims to be frivolous, and the Court finds that Defendants' SAC and Opposition to Summary Judgment do not constitute the type of exceptional circumstance or patently unmeritorious pleading or motion that Rule 11 is designed to deter. While the Court does not condone the substandard legal and factual analysis presented by Plaintiffs' counsel, it does not reach the level of unreasonableness necessary for sanctions. Accordingly, Defendants' Motion for Rule 11 Sanctions is DENIED.

### III. CONCLUSION

For the reasons set forth above, Defendants' Motion for Sanctions (ECF No. 158) is DENIED.

Date: November 13, 2013

_____
PETER G. SHERIDAN, U.S.D.J.